IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY BACON, | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-3227** |
| | : | |
| UNITED STATES OF | | |
| AMERICA, *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**YOUNGE, J.**                                                          **MAY 10, 2024**

Plaintiff Anthony Bacon, a convicted prisoner currently incarcerated at FCI Otisville,

filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his

constitutional rights.  Currently before the Court is Bacon's *pro se* Complaint ("Compl." (ECF

No. 2)), in which he asserts claims against the United States of America, Warden John Doe, and

Officer Fadden.  (*Id*. at 2.)  Bacon asserts individual and official capacity claims against Doe and

Fadden.  (*Id*.)  For the following reasons, the Court will dismiss with prejudice Bacon's claims

against the United States, any claims asserted pursuant to the Freedom of Information Act

("FOIA"), the Federal Tort Claims Act ("FTCA") or *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971), and his official capacity claims.  The

Court will dismiss without prejudice Bacon's individual capacity claims against Warden Doe and

his claims under 42 U.S.C. §§ 1981, 1985, and 1986 for failure to state a claim pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).  The Court is prepared to serve Bacon's excessive force claim against

Officer Fadden for a responsive pleading.  Bacon will be afforded the option of proceeding with

that claim only or filing an amended complaint.

I.      **FACTUAL ALLEGATIONS**[1]

The events giving rise to Bacon's claims allegedly occurred on August 27, 2021, when he

was incarcerated at SCI Phoenix.  (Compl. at 2, 3.)  Bacon alleges that he was handcuffed while

leaving the yard.  (*Id*. at 3.)  He was escorted up the stairs by non-Defendant Correctional

Officers Lentz and Haines.  (*Id*.)  Bacon was told to keep walking and he alleges he complied.

(*Id*.)  When he arrived at the landing on the top tier, Defendant Fadden jumped on his back and

slammed him to the floor.  (*Id*.)  He then proceeded to squeeze Bacon by the neck, then grab his

handcuffs and squeeze and twist them, injuring Bacon's hand.  (*Id*.)  Bacon alleges that Lentz

and Haines intervened, and Fadden left the area.  (*Id*.)  Lentz and Haines then escorted Bacon to

his cell.  (*Id*.)  Bacon alleges he was later moved to A Unit and seen by a security team, a

lieutenant, and a nurse, who took photographs of Bacon's injuries.  (*Id*.)  Bacon alleges that

Defendant Warden Doe[2] retaliated against him by harassing him and searching his cell.  (*Id*. at

4.)  Attached to Bacon's Complaint are a completed Misconduct Report, an Inmate Grievance, a

Response to the Grievance, an Inmate Appeal, and a Final Appeal Decision which all appear

related to the alleged August 27, 2021 incident.  (*See id*. at 6-10.)  Also attached to the

Complaint is a second completed Inmate Grievance that also appears related to the alleged

August 27, 2021 incident and a handwritten unsigned request for information related to the

second grievance.  (*Id*. at 11, 12.)

---

[1] The allegations set forth in this Memorandum are taken from Bacon's Complaint.  (ECF No. 2.)
The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] Bacon identifies only two individual Defendants in his Complaint, Fadden and Warden Doe.
However, his retaliation claim alleges that "C/O" John Does retaliated against him.  (Compl. at
4.)  This is the only reference to a C/O (which the Court understands refers to a Correctional
Officer) John Doe in the Complaint.  The Court construes the retaliation claim as one asserted
against Warden Doe, however, in light of the disposition of the claim, the identity of the target
Defendant is irrelevant.

Bacon asserts an Eighth Amendment excessive force claim against Fadden and First Amendment retaliation and Eighth Amendment failure to protect claims against Warden Doe. (*Id*. at 4.)  Bacon also asserts claims for violations of 42 U.S.C. §§ 1981, 1985, and 1986.  (*Id*. at 2.)  Bacon requests a declaratory judgment[3] and money damages.  (*Id*. at 5.)

## II.      STANDARD OF REVIEW

Bacon has already been granted leave to proceed *in forma pauperis*.  (*See* ECF No. 11.) Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

---

[3] Bacon requests a declaration that Defendant Fadden violated his Eighth Amendment rights by using excessive force against him.  (Compl. at 5.)  However, declaratory relief is unavailable to adjudicate past conduct, so Bacon's request for this declaratory relief is improper.  *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct.").  A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d

768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Bacon is proceeding *pro se*, the Court construed his allegations liberally.  *Vogt v. Wetzel*, 8

F.4th 182, 185 (3d Cir. 2021).  "This means we remain flexible, especially 'when dealing with

imprisoned *pro se* litigants[.]'"  *Id.* (quoting *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244

(3d Cir. 2013)).  However, "'*pro se* litigants still must allege sufficient facts in their complaints

to support a claim.'"  *Id.* (quoting *Mala*, 704 F.3d at 245).

## IV.     DISCUSSION

Bacon asserts claims for violation of his First and Eighth Amendment rights.  The vehicle

by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To

state a claim under § 1983, a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs" to

be liable.  *See Rode v. Dellarciprete,* 845 F.2d 1195 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957

F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal

direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  *See*

*Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983

suits, a plaintiff must plead that each Government-official defendant, through the official's own

individual actions, has violated the Constitution").

**A.      Claims Against the United States**

Bacon names the United States as a Defendant but does not identify the nature of his

claims or include any factual allegations explaining the basis for his claims.[4]  Even if he had, any

such claims are barred by sovereign immunity.  *See Mierzwa v. United States*, 282 F. App'x 973,

976 (3d Cir. 2008) ("The doctrine of sovereign immunity bars all suits against the United States

except where such immunity is explicitly waived by Congress.")  Bacon's claims against the

United States will be dismissed with prejudice.

**B.      Official Capacity Claims**

Bacon asserts official capacity claims seeking money damages against Defendants

Fadden and Doe, who are employees of the Department of Corrections and, therefore, the

Commonwealth of Pennsylvania.  The Eleventh Amendment bars suits against a state and its

agencies in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v.*

*Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d

Cir. 2003).  Suits against state officials acting in their official capacities are really suits against

---

[4] On the caption page of his Complaint, Bacon refers to the FTCA and *Bivens*, 403 U.S. at 392
(holding that a remedy is available for a federal agent's violation of a citizen's Fourth
Amendment right to be free from warrantless searches and seizures).  The FTCA is a limited
waiver of sovereign immunity, which makes the United States liable to the same extent as a
private party for certain torts of federal employees acting within the scope of their employment.
*See United States v. Orleans*, 425 U.S. 807, 813 (1976).  *Bivens* provides a basis for asserting a
constitutional claim against a federal official.  Neither the FTCA nor *Bivens* is applicable in this
case, because Bacon's claims arise from the conduct of state actors, not federal officials.  Bacon
also references FOIA, which was enacted to "facilitate public access to Government documents."
*United States Dept. of State v. Ray*, 502 U.S. 164, 173 (1991) (citation omitted).  FOIA requires
federal agencies to disclose, upon request, broad classes of agency records unless those records
are covered by the statute's exemptions.  *See* 5 U.S.C. § 552(a)(3)(A), (b) (describing agencies'
obligations, procedures to be followed when seeking information under the Act and enumerating
exemptions).  However, while FOIA creates disclosure obligations for federal agencies, FOIA
claims may not be brought against individual federal officials or employees.  *Kaplan v. Ebert*,
648 F. App'x. 177, 180 (3d Cir. 2016) (citing *Drake v. Obama*, 664 F.3d 774, 785-86 (9th Cir.
2011).  FOIA is inapplicable to the claims asserted in Bacon's Complaint.  Bacon's FOIA,
FTCA, and *Bivens* claims will be dismissed with prejudice.

the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it and its departments, as well as its officials sued in their official capacities, are immune from suits for money damages filed in federal court. *See also Boykin v. Bloomsburg Univ. of Pa.*, 893 F. Supp. 378, 394 (M.D. Pa. 1995), *aff'd*, 91 F.3d 122 (3d Cir. 1996) ("[I]n § 1983 actions the state's immunity has not been abrogated. . . Similarly, the state's immunity has not been abrogated for actions brought under § 1981, § 1985, and § 1986.") (internal citations omitted).

Bacon may pursue his claims for money damages against state officials sued in their individual capacities, because state officials sued in their individual capacities are "persons" within the meaning of § 1983, s*ee Hafer*, 502 U.S. at 31, and the Eleventh Amendment does not bar suits for monetary damages brought under § 1983 against state officials in their individual capacities. *Id.* Accordingly, Bacon's official capacity claims, to the extent he seeks money damages, must be dismissed.

C.      **Claims Under 42 U.S.C. §§ 1981, 1985, and 1986**

Bacon cites 42 U.S.C. §§ 1981, 1985, and 1986 as bases for the Court's jurisdiction, but alleges no facts to state a plausible claim under those statutes. Sections 1981 and 1985 recognize claims arising from racial discrimination. "'To establish a claim under § 1981, the plaintiff must allege (1) he is a member of a racial minority; (2) the defendant intended to discriminate against the plaintiff on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.).'" *White v. Wireman*, No. 16-675, 2018 WL 1278588, at *9 (M.D. Pa. Feb. 8, 2018), *report and recommendation adopted by* 2018 WL 1251786 (M.D. Pa. Mar. 12, 2018)

(quoting *Coggins v. Cnty. of Nassau*, 988 F. Supp. 2d 231, 247 (E.D.N.Y. 2013), *aff'd in part, appeal dismissed in part sub nom. Coggins v. Buonora*, 776 F.3d 108 (2d Cir. 2015).

The first two elements of a § 1981 claim require showing that a plaintiff "belongs to a racial minority" and that the defendants had the "intent to discriminate on the basis of race." *Bell v. City of Milwaukee*, 746 F.2d 1205, 1232 (7th Cir. 1984); *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002). Bacon does not allege that he is a member of a racial minority or that any of the conduct giving rise to his claims was the prompted by the Defendants' intention to discriminate against him on the basis of race. Moreover, he does not allege that he was unable to engage in any of the activities enumerated in the statute, including entering into a contract, suing or being sued, or providing evidence, as a result of discrimination. This claim is not plausible as pled and will be dismissed.

42 U.S.C. § 1985(3) creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3). To state a plausible claim under § 1985(3) a plaintiff must allege the following elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997). Significantly, "'[t]he [statutory] language requiring intent to deprive of equal protection . . . means that there must be some racial . . . invidiously discriminatory animus behind the conspirators' action.'" *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Bacon does not allege a conspiracy among the Defendants and, again, does not allege that any conduct engaged in by the Defendants was motivated by racial animus.  This claim is conclusory and undeveloped and is not plausible as pled.  It will, therefore, be dismissed.  Section 1986 is derivative of § 1985 in that it provides a cause of action against any person who knows that a violation of § 1985 is going to be committed, possesses the power to prevent the violation, and fails to take action to do so.  *See* 42 U.S.C. § 1986.  Because Bacon has not plausibly alleged a violation of § 1985, he cannot plausibly assert a claim under § 1986, and that claim, too, will be dismissed.  *See Kokinda v. Pa. Dep't. of Corr.*, No. 16-2005, 2016 WL 7029385 at *8-*9 (W.D. Pa. Oct. 31, 2016), *report and recommendation adopted by*, 2016 WL 7031778 (W.D. Pa. Dec. 1, 2016) (citations omitted) (dismissing *pro se* prisoner's claims under §§ 1985(3) and 1986 where plaintiff did not allege that he belonged to a protected class).

**D.      Individual Capacity Claim Against McFadden**

Bacon asserts an excessive force claim against Fadden.  The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency.  *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992).  When screening an Eighth Amendment excessive force claim under § 1915, the Court asks whether the prisoner has alleged plausibly that the force was applied "maliciously and sadistically to cause harm" rather than "in a good-faith effort to maintain or restore discipline." *Jackson v. Bueno*, No. 20-0687, 2020 WL 2847925, at *3 (E.D. Pa. June 2, 2020) (quoting *Hudson*, 503 U.S. at 7).  The factors used to determine whether the force applied was excessive include:  (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321

(1986)).  Although the extent of an inmate's injuries is relevant to an Eighth Amendment

analysis, "there is no fixed minimum quantum of injury that a prisoner must prove that he

suffered through objective or independent evidence in order to state a claim for wanton and

excessive force." *Id.* at 104.  Thus, the inquiry must be driven by the extent of the force and the

circumstances in which it is applied, not by the resulting injuries.  *Id*. at 108; *see also Smith v.*

*Mensinger*, 293 F.3d 641, 648 (3d Cir. 2002).  The Eighth Amendment does not protect against a

de minimis use of physical force, so long as it is not of a sort "repugnant to the conscience of

mankind." *Brooks*, 204 F.3d at 107 (quoting *Hudson*, 503 U.S. at 9-10).

Bacon alleges that while he was handcuffed and being escorted to his cell by two other

correctional officers, Fadden, without warning, jumped on Bacon's back from behind, knocking

him to the ground, squeezed his neck, and grabbed and twisted his handcuffed wrists, causing

injury. (Compl. at 3.)  He alleges that Lentz and Haines had to intervene to stop the alleged

attack. (*Id*.)  Bacon has stated a plausible excessive force claim against Fadden and this claim

will be served for a responsive pleading.

### E.        Individual Capacity Claims Against Warden Doe

#### 1.         First Amendment Retaliation Claim

Bacon asserts that Defendant Warden Doe retaliated against him by harassing him and

searching his cell.[5]  (Compl. at 4.)  In order to state a plausible First Amendment retaliation

---

[5] The Court does not construe Bacon's Complaint as asserting separate claims based on the search of his cell or being subjected to harassment.  Even if Bacon intended to assert such claims, they would not be plausible.  As to cell searches, "prisoners have no legitimate expectation of privacy and . . . the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The Supreme Court has concluded that the Fourth Amendment right to privacy, to be free from unreasonable searches, is fundamentally inconsistent with incarceration."); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989) (explaining that the Fourth

claim, a prisoner must allege that: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003); *Coit v. Garman*, 812 F. App'x 83, 86 (3d Cir. 2020) (*per curiam*). "An adverse consequence 'need not be great in order to be actionable[;]' rather, it need only be 'more than *de minimis*.'" *Watson v. Rozum*, 834 F.3d 417, 423 (3d Cir. 2016) (quoting *McKee v. Hart*, 436 F.3d 165, 170 (3d Cir. 2006)) (alterations in original). "[B]eing placed in lockdown, being moved to restricted housing, and being issued misconduct charges are more than '*de minimis*' adverse actions." *See Palmore v. Hornberger*, 813 F. App'x 68, 70 (3d Cir. 2020) (*per curiam*) (quoting *McKee*, 436 F.3d at 170); *see also Mitchell*, 318 F.3d at 530-31 ("Mitchell's allegation that he was falsely charged with misconduct in retaliation for filing complaints against Officer Wilson implicates conduct protected by the First Amendment."). The timing of the allegedly retaliatory behavior relative to the constitutionally protected conduct may establish a causal link between the two for purposes of establishing motivation. *See Watson*, 834 F.3d at 422.

---

Amendment "does not protect an inmate from the seizure and destruction of his property"). As to harassment, the Court notes that Bacon does not describe the nature of the harassment to which he was subjected, but "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Moreover, even threats of bodily harm will not support a § 1983 claim because verbal threats or taunts, without more, are insufficient to violate the Constitution. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012) (holding that threats that inmate was a "marked man and that his days were numbered" did not state Eighth Amendment claim); *McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (holding that threat to spray inmate with mace did not violate Eighth Amendment).

Bacon's claim is not plausible.  First, he does not allege that Warden Doe retaliated against him because he engaged in constitutionally protected conduct.  The filing of a grievance is constitutionally protected conduct.  *See Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (citing *Mitchell*, 318 F.3d at 530; *Davis v. Goord*, 320 F.3d 346, 35-53 (2d Cir. 2003)).  However, even if the Court were to infer, based on the grievance forms attached to Bacon's Complaint, that the alleged retaliation was the result of filing grievances based on Fadden's conduct, the claim would not be plausible because Bacon has not plausibly alleged that he suffered an adverse action as a result of engaging in protected conduct.  Cell searches and harassment are not sufficiently adverse actions to support a retaliation claim.  *See Kokinda*, 2016 WL 7029385 at *4-*5 (citations omitted) (granting motion to dismiss retaliation claim with prejudice because alleged retaliatory act of searching the inmate's cell did not constitute adverse action for purposes of First Amendment retaliation claim); *Curtician v. Kessler*, No. 07-0286, 2010 WL 6557099, at * 7 (W.D. Pa. Nov. 29, 2010), *report and recommendation adopted by*, 2011 WL 1542682 (W.D. Pa. Apr, 25, 2011) (citations omitted) ("[C]ourts have consistently held that a cell search is not an 'adverse action' for retaliation purposes.")  *See Snider v. Alvarez*, No. 18-0601, 2020 WL 6395499, at *17 (M.D. Pa. Nov. 2, 2020) (citations omitted) (dismissing *pro se* prisoner's retaliation claim based on harassment because "[v]erbal threats and harassment are not sufficiently adverse to state a claim for First Amendment retaliation.").  Bacon's retaliation claim based on cell searches and harassment is not plausible and will be dismissed.  Bacon will be permitted to amend this claim if he can plausibly allege that Warden Doe engaged in other adverse action.

### 2.    Failure to Protect Claim

Bacon alleges that Warden Doe failed to protect him from the alleged assault by Defendant Fadden.  (Compl. at 4.)  For a failure to protect claim against a prison official to be

plausible, a plaintiff must allege that: (1) the conditions in which he was incarcerated posed a

substantial risk of serious harm; (2) the prison official acted with deliberate indifference to that

substantial risk of serious harm; and (3) the official's deliberate indifference caused harm. *See*

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir.

1997); *see also Travillion v. Wetzel*, 765 F. App'x 785, 790 (3d Cir. 2019) (*per curiam*).

Deliberate indifference in the context of a failure to protect claim requires the plaintiff to allege

plausibly that the defendant prison officials "must actually [have been] aware of the existence of

the excessive risk; it is not sufficient that [prison officials] should have been aware." *Beers-*

*Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). "However, subjective knowledge on the

part of the official can be proved by circumstantial evidence to the effect that the excessive risk

was so obvious that the official must have known of the risk." *Id.* (citing *Farmer*, 511 U.S. at

844). The concept is equally applicable to claims based on a failure to protect an inmate from

violence by a corrections officer. *Mathis v. Dauphin Cnty. Prison*, No. 12-1317, 2012 WL

3960455, at *5 (M.D. Pa. Aug. 6, 2012), *report and recommendation approved by* 2012 WL

3960421 (M.D. Pa. Sept. 10, 2012) (dismissing failure to protect claim because plaintiff did not

allege that that the defendants knew that the officers would attack an inmate, only that they

should have known of the risk because of the number of similar attacks).

Bacon alleges that Warden Doe failed to "curb the known pattern of excessive

force/misconduct" and that this constituted deliberate indifference that resulted in Fadden's

alleged attack and Bacon's resulting injuries. (Compl. at 4.) He does not allege that Warden

Doe himself was aware of any propensity to violence in Fadden. He also does not describe prior

similar conduct of which Doe was aware, or that he had previously been the object of similar

conduct on the part of Fadden and told Warden Doe about it. Bacon's claim is conclusory and

undeveloped and does not state a plausible failure to protect claim against Warden Doe and the

claim will be dismissed.  *See Mathis*, 2012 WL 3960455 at \*5.  Because Bacon may be able to

state a plausible claim, he will be granted leave to amend this claim.

### 3.      Claim based on Supervisory Role

Bacon may be asserting a claim against Warden Doe based on his supervisory role as

Warden.  To the extent Bacon seeks to assert claims against Doe based on the conduct of another

SCI Phoenix employee, he cannot do so, because liability under § 1983 cannot be predicated on a

*respondeat superior* basis.  *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir.

22015); *Robinson v. Delbalso*, No. 22-2378, slip op. at 3-4 (3d. Cir. Nov. 28, 2022) (*per curiam*).

Rather, there are "two general ways in which a supervisor-defendant may be liable for

unconstitutional acts undertaken by subordinates."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d

307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).

First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences,

established and maintained a policy, practice or custom which directly caused [the] constitutional

harm."  *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586

(3d Cir. 2004) (alteration in original)).  To set forth a claim for supervisory liability under the

policy-and-practice strand of supervisory liability, a plaintiff must:

> (1) identify the specific supervisory practice or procedure that the supervisor
> failed to employ, and show that (2) the existing custom and practice without
> the identified, absent custom or procedure created an unreasonable risk of the
> ultimate injury, (3) the supervisor was aware that this unreasonable risk
> existed, (4) the supervisor was indifferent to the risk; and (5) the underling's
> violation resulted from the supervisor's failure to employ that supervisory
> practice or procedure.

*Chavarriaga.*, 806 F.3d at 227 (quoting *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir.

2001)).  "Put another way, the inmate must identify the supervisor's specific acts or omissions

demonstrating the supervisor's deliberate indifference to the inmate's risk of injury and must

establish a link between the supervisor, the act, and the injury."  *Id.*  "Second, a supervisor may

be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)).

Bacon has not alleged that Doe personally participated in the alleged attack by Fadden, or that Doe directed Fadden to engage in conduct that violated Bacon's rights. Additionally, Bacon has not alleged that Doe maintained or failed to employ a specific policy or custom knowing that such conduct would likely result in a violation of Bacon's rights. Bacon's claim, if any, against Doe in his capacity as a supervisor is not plausible and must be dismissed. Bacon will be granted leave to amend this claim.

IV.    **CONCLUSION**

For the reasons stated, the Court will dismiss with prejudice Bacon's claims against the United States, any claims asserted pursuant to FOIA, the FTCA or *Bivens*, and his official capacity claims. The Court will dismiss without prejudice his claims against Warden Doe and his claims under 42 U.S.C. §§ 1981, 1985, and 1986 for failure to state a claim pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).  The Court is prepared to serve Bacon's excessive force claim against

Defendant Fadden.  Bacon will be afforded the option of proceeding with that claim only or

filing an amended complaint.

      An appropriate order follows, which shall be docketed separately.

                    **BY THE COURT:**

                    _____

                    **JOHN MILTON YOUNGE, J.**